UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK                FOR PUBLICATION
------------------------------------------------------------------
In re
                                             Case No.  17-11933 MJK
    LESLIE L. BRILL MESEROLE
    fka LESLIE L. MIDZINSKI
    aka LESLIE L. BRILL

                      Debtor(s)
------------------------------------------------------------------

Michael A. Weishaar, Esq.
Gleichenhaus, Marchese & Weishaar, P.C.
930 Convention Tower
43 Court Street
Buffalo, NY 14202

ATTORNEY FOR DEBTOR

Robert R. Radel, Esq.
Robert R. Radel Attorney at Law
174 Franklin Street
Buffalo, NY 14202

ATTORNEY FOR CREDITOR

DECISION AND ORDER

      The Debtor in this Chapter 13 case tried, but failed, to completely pay off a balloon mortgage on her home in a prior Chapter 13 case, filed in 2013.  She bound herself to pay the arrears under that Plan, and to pay the balloon by any of various means.  None of those materialized.  She now seeks to take a new approach toward that mortgage debt and argues that this Court may confirm a new Plan over the vigorous objection of the mortgagee who seems to be an "average guy" who took back a five-year mortgage with a balloon when he sold the house to the Debtor. (It had been his family home; he inherited

it from his parents.)  In the previous Chapter 13 case the Debtor left the then $60,000 balloon payment in place (it was due to be paid outside of the Plan in May of 2017) but she utilized 11 U.S.C. §1322(c)(2) to cure the pre-petition mortgage defaults.  She planned to be able to pay the balloon payment through refinancing, or borrowing on her husband's retirement account, or collecting on an unliquidated personal injury cause of action, or by the sale of the home.  May, 2017, came and went without any of those things occurring, and so the mortgagee (Mr. Borsick) sought and obtained lift of stay.  In an effort to obtain reconsideration of that ruling, the Debtor proposed a modification to the 2013 Plan hoping to get another year to find a  way to satisfy the balloon payment.  The mortgagee argued through counsel that the modification was not permissible under 11 U.S.C. §1329 because (1) the plan payments had been completed (11 U.S.C. §1329(a) permits a modification only "before the completion of payments under such plan")[1] and because (2) 11 U.S.C. §1325(a)(5)(B)(iii)(I) requires that secured claims provided for in the plan be paid "in equal monthly amounts", rather than a single payment, and thus payment of the balloon in that manner would extend payment to the mortgagee several years past the five year limitation.  (11 U.S.C. §1329(c) states that "the Court may not approve a [modified] period that expires after five years after" the time that the first payment under the original confirmed plan was due).  He made other arguments as well.[2]

---

[1] This argument is cogent in the case of a balloon requirement which is a one-time event, not a stream of payments.

[2]  He argued that the modification was not in "good faith" and, *inter alia* that 11 U.S.C. §1322(c)(2) does not permit a "do-over."

The Court rejected the Motion for Reconsideration and so the Debtor filed another petition. Now she proposes to retire what has become an approximately $66,000 balloon payment in equal monthly installments ending on the fifth anniversary of when the balloon was originally due. The mortgagee has strenuously objected.

Although this seems to be a matter of first impression, given that the parties have been unable to cite the Court to any decision directly on point (nor has the Court found one), the Court is satisfied that there is a substantial body of case law, originally developed under Chapter 11, that must be extended to cases in Chapter 13. The Chapter 11 cases do not permit any debtor to so readily escape the "binding effect" of confirmation of the earlier plan. Of course the United States Supreme Court in the case of *Johnson v. Home State Bank,* 501 U.S. 78 (1991) taught that Congress made provisions allowing repeat filings, in various places in the Bankruptcy Code. For example, 11 U.S.C. §109(g) expressly states that "...[N]o individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if - (1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case; or (2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title", thus recognizing that a repeat filing that does not violate that provision is permissible.

However, critically, what is permissible when there is no objection by a creditor who relied upon the binding effect of an earlier plan is not permissible over such objection if the creditor will suffer "substantial prejudice" if the binding effect of the previous confirmed plan is ignored in favor of the plan proposed in the subsequent case. Such was the holding in this Court's decision in the case of *In re Tillotson,* 266 BR 565 (2001), in a repeat Chapter 11 context. That result was not cut

from whole cloth, but rather borrowed from substantial jurisprudence to the same effect. The *Tillotson* case itself has been cited favorably in a number of other cases.[3] This Court now extends the principle. In 11 U.S.C. §1141(a) we find that Congress has demanded that ". . . the provisions of a confirmed plan bind the debtor, . . . and any creditor, . . . whether or not the claim or interest of such creditor, . . . is impaired under the plan and whether or not such creditor, . . . has accepted the plan." The comparable provision in Chapter 13, is §1327(a), which states that "the provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." The rules of statutory interpretation are clear that identical language used in different places in one enactment generally should be presumed to have been intended by the legislature to be interpreted in the same way.[4]

The principle applicable in this case, consequently, is properly stated in the case of *In re Adams,* 218 BR 597(Bankr.D.Kan.1998), but the bracketed edits are added by this writer to convert the discussion from Chapter 11 to Chapter 13 and this Debtor.

> **Courts agree that the general rule is that a reorganized debtor may not file a new plan to effect a modification of [her] substantially consummated plan. The terms of a confirmed plan are binding on the parties and should be given *res judicata* effect. . . . Once [her] plan is substantially consummated, [she] should not be able to circumvent or evade its binding responsibilities by filing what is in effect a modified plan. . . .**

---

[3] *E.g., In re Caviata Attached Homes, LLC,* 481 B.R. 34 (9th Cir. BAP (Nev.) 2012) and *In re Sandia Resorts, Inc.,* 2016 WL 489992 (Bankr.D.N.M. 2016) (collecting cases).

[4] *Law v. Siegel,* 134 S.Ct. 1188, 1195 (2014) and 73 Am Jur 2d *Statutes* §141(2012).

**Yet, there is no *per se* prohibition of successive bankruptcy filings. [Citing *Johnson*, *supra* and *In re Jartran, Inc.,* 886 F. 2d 859(7th Cir. 1989)]. .**

**Other courts, however, have allowed the debtor to file a second [Chapter 13] reorganization case after failing in the first . . . plan, if the debtor is acting in good faith. These courts have thus recognized exceptions to the general rule that a debtor may not modify a substantially consummated [Chapter 13] plan. The recognized exceptions are premised on the debtor's good faith as demonstrated by the debtor's genuine need for a new [Chapter 13] plan. This genuine need is established by an extraordinary change of circumstances after substantial consummation. Because the debtor should generally be bound by the terms of the confirmed plan and live with the benefits and burdens of [her] bargain, only changes that were unanticipated and not reasonably foreseeable at the time of confirmation or substantial consummation can justify the filing of a new reorganization plan. If the debtor's income decreases or expenses increase because of ordinary and foreseeable changes in the debtor's operations, or in the market, that does not constitute a sufficient change in circumstances. . . .**

**Thus, changes associated with the realities of economic change are an insufficient reason to allow a new bankruptcy case. When the reorganized debtor and [her] creditors bargained for and agreed to the terms of the confirmed plan, the debtor is charged with crafting a plan that could absorb economic changes, and failing that, the debtor understood [her] risk in proceeding to confirmation under terms and assumptions that could change.**

**On the other hand, where events and occurrences have transpired that are extraordinary and not reasonably foreseeable, [she] should not be forever barred from attempts to reorganize.**

*Id.* at 600-602 [case authorities omitted.], and *Tillotson, supra*.

By no means does this Court suggest that this Debtor is not acting in "good faith." She is simply trying to save her home. But there is a difference between acting in good faith and proposing a "good faith" plan. The latter requires "fundamental fairness" to the objecting creditor, and that is lacking here.

In sum, this second filing by the Debtor attacks an essential element of the plan that was confirmed in her first case. She had used 11 U.S.C. §1322(c)(2) to deal with her pre-petition defaults in mortgage payments to Mr. Borsick, and counted on speculative prospects to meet the balloon payment. Because she could not afford to amortize the upcoming balloon payment over the life of the Plan, she could not have saved her home from foreclosure but for the use of §1322(c)(2) to cure the pre-petition arrears over the life of the five-year plan.

Further, there was no exceptional, unanticipated change in circumstances that might cause the Court to conclude that the second case was filed in good faith. As to her 2013 case, the various solutions that she contemplated were always speculative. The Great Recession had occurred several years before, the restricted mortgage lending thereafter was well-known by the year 2013, any prospect of a settlement of the personal injury action was always uncertain, etc.[5]

Debtor's motion to continue the automatic stay is denied, and Mr. Borsick is free to continue his mortgage foreclosure proceeding to completion without fear of a subsequent filing by the Debtor

---

[5] In 2008 the Debtor's 20-year old daughter died under suspicious circumstances. Debtor's counsel argues that that fact and the Debtor's unceasing efforts since then to persuade law enforcement to pursue that death as a homicide might have cause the Debtor to make unwise decisions in connection with her 2013 Chapter 13 case, and since. While sympathizing with the Debtor over her tragic loss, the Court will not visit the consequences on Mr. Borsick, who expected the final payment of $66,000 from the sale of what had been his family's home, last spring.

or anyone acting in presumed authority regarding the real estate in question.[6]

Moreover, he may add attorney's fees and costs to his secured claim in pursuing judgment of foreclosure and sale (if those are provided in the mortgage instrument), in light of the fact that this new filing thwarted the effect of last year's Order lifting the stay.

SO ORDERED.

Dated:      Buffalo, New York
            January 24, 2018

                                                        /s/ Michael J. Kaplan
                                                        ─────────────────────────
                                                              U.S.B.J.

---

[6] The Court adds this *in rem* relief because the Debtor recently transferred an interest in her home to her son, in an unauthorized transaction, apparently to assist him in his attempt to obtain financing to pay off the Borsick mortgage.